UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

HAMMOND DIVISION



-FILED-

DEC 06 2019

At _____ M
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| IN RE:<br><br>John Mileusnic<br><br>Debtor | Appeal from the U.S. Bankruptcy Court Northern District of Indiana |
| John Mileusnic<br><br>Appellant | 2:19-cv-00427 |
| vs<br><br>PennyMac Loan Services<br><br>Planet Home Lending, LLC<br><br>AIS Portfolio Services, LP<br><br>Capital One Auto Finance<br><br>Paul R Chael Standing Chapter 13 Trustee | Cause:<br><br>28:1334 Bankruptcy Appeal<br><br>Nature of Suit:<br><br>422   Bankruptcy   Appeal (801) |

BRIEF OF APPELLANT JOHN MILEUSNIC

Debtor- John Mileusnic
325 Plum Creek Drive
Schererville, IN 46375

# I. Table of Contents

I. Table of Contents .................................................. 2

II. Table of Authorities .............................................. 3

III. SUMMARY OF THE ARGUMENT ......................................... 4

IV. JURISDICTIONAL STATEMENT ......................................... 4

   A. Statement of Jurisdiction ..................................... 4

   B. Standard of Review ............................................ 4

V. ISSUES PRESENTED .................................................. 6

VI. STATEMENT OF THE CASE ............................................ 6

   A. The Parties ................................................... 6

   B. The Subject Loan .............................................. 7

   C. The Underlying Bankruptcy Proceedings ......................... 7

VII. ARGUMENT ........................................................ 8

   A. "AIS Portfolio Services, LP" and "Capital One Auto Finance" did not file a Proof of Claim ................................... 8

   B. Planet Home Lending, LLC never filed Proof of Claim ........... 10

   C. PennyMac never presented ORIGINAL NOTE AND ORIGINAL MORTGAGE. .................................................... 10

   D. PennyMac never proved chain of title and endorsement. ........ 11

   E. Amended Chapter 13 Plan ...................................... 11

VIII. CONCLUSION .................................................... 13

IX. CERTIFICATE OF SERVICE .......................................... 14

## II. Table of Authorities

**CASES**

*Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985).......... 5

*In re Cacioli*, 463 F.3d 229, 234 (2d Cir. 2006)................ 5

*In re Commodore Bus. Mach.*, 246 B.R. 476, 487 (S.D.N.Y. 2000).. 5

*In re Flanagan*, 503 F.3d 171, 179 (2d Cir. 2007)............... 5

*In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d Cir. 1990) ....................................................... 5

*In re Miner*, 229 B.R. 561, 565 (B.A.P. 2d Cir. 1999)........... 5

*O'Rourke v. U.S.*, 587 F.3d 537, 30 F.3d 385, 387 (2d Cir. 1994) 5

*Pearl-Phil GMT (Far East) Ltd. v. Caldor Corp.*, 266 B.R. 575, 580 (S.D.N.Y. 2001) ........................................... 5

*United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)..... 5

**RULES**

*Fed. R. Bankr. P. 8013*......................................... 4

**CONSTITUTIONAL PROVISIONS**

28 U.S.0 § 158(a)............................................... 4

### III. SUMMARY OF THE ARGUMENT

As "Capital One" has not timely filed "Proof of Claim", even after Courts reminder **[Dkt. 10]** this honorable Court based on the record below and the arguments set forth herein should remanded the questioned order in its entirety.

As "PennyMac" is not entitled to the filed "Proof of Claim", this honorable Court based on the record below and the arguments set forth herein should remanded the questioned order in its entirety.

### IV. JURISDICTIONAL STATEMENT

#### A. Statement of Jurisdiction

This honorable Court possesses appellate jurisdiction over the instant matter pursuant to 28 U.S.0 § 158(a).

#### B. Standard of Review

To the extent Appellant seeks appellate review of the Bankruptcy Court's factual findings, including the finding that the promissory note inspected by Chief Judge Craig was an original, such findings are subject to review under the clear error standard. *Fed. R. Bankr. P. 8013* ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."); *In*

re *Flanagan*, 503 F.3d 171, 179 (2d Cir. 2007) ("The bankruptcy court's factual findings will be upheld unless clearly erroneous . . . ."). "Deference is given to the Bankruptcy Court's factual determinations because of its 'expertise and superior position to make determinations of credibility.'" *Pearl-Phil GMT (Far East) Ltd. v. Caldor Corp.*, 266 B.R. 575, 580 (S.D.N.Y. 2001) (quoting *In re Commodore Bus. Mach.*, 246 B.R. 476, 487 (S.D.N.Y. 2000)).

It is well settled that a finding of fact is clearly erroneous only if it leaves this honorable Court 'with the definite and firm conviction that a mistake has been committed.' *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d Cir. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). While the Bankruptcy Court's findings of fact are not conclusive on appeal, Appellant bears a heavy burden in seeking to overturn them. *In re Miner*, 229 B.R. 561, 565 (B.A.P. 2d Cir. 1999). That is, if the Bankruptcy Court's factual findings were "plausible in light of the record viewed in its entirety," this honorable Court "may not reverse" them even if it would have weighed the evidence differently. *In re Cacioli*, 463 F.3d 229, 234 (2d Cir. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985)).

Nonetheless, the Bankruptcy Court's conclusions of law are subject to review under the de novo standard. *O'Rourke v. U.S.*, 587 F.3d 537, 30 F.3d 385, 387 (2d Cir. 1994).

**V. ISSUES PRESENTED**

1. Whether the Bankruptcy Court incorrectly concluded that Appellee possessed the requisite authority to enforce the subject promissory note and corresponding mortgage and therefore standing to file a proof of claim in Appellant's bankruptcy proceedings. This legal conclusion by the Bankruptcy Court is subject to review under the de novo standard.

2. Whether the Bankruptcy Court clearly erred in finding that the subject promissory note, offered by Appellee and inspected by the Bankruptcy Court, was an original. This factual finding by the Bankruptcy Court is subject to review under the clear error standard.

3. Whether the Bankruptcy Court's factual finding, that it was presented with the original subject promissory note, constituted a violation of Appellant's right to due process. This legal conclusion by the Bankruptcy Court is subject to review under the de novo standard.

It is respectfully submitted that the answer to each of these questions is in the **POSITIVE**.

**VI.   STATEMENT OF THE CASE**

   **A. The Parties**

Appellant "**John Mileusnic**" is the alleged obligor on the subject promissory note and mortgagor of the subject mortgage which encumbers the real property commonly known as 325 Plum Creek Drive Schererville, IN 46375

Creditor-Appellee PennyMac Loan Services (**"PennyMac"**) and Planet Home Lending, LLC ("**PHL**") is/are the alleged holder(s) and owner(s) of the Note and also allegedly acting as servicing agent for each other with respect to the Note and Mortgage.

Creditor-Appellee AIS Portfolio Services, LP (**"AIS"**) and Capital One Auto Finance ("**Capital One**") is/are the alleged holder(s) and owner(s) of the secured credit Car Loan and also allegedly acting as servicing agent for each other with respect to the secured credit Car Loan.

### B. The Subject Loan

The subject loan was originated with "CBC National Bank." Upon information and belief, Appellant has no knowledge and information as to how it was transferred and endorsed to Flagstar Bank, FSB: to Selene Finance LP: to PennyMac Loan Services LLC: and now endorsed in blank.

Upon information and belief, all sale, transfer and/or assignment etc are illegal and therefore unenforceable.

### C. The Underlying Bankruptcy Proceedings

**[Dkt. 79]** is Notice of Appeal to this District Court, appealing an Order **[Dkt. 74]** dated 10/28/19 ONLY on following related document(s):

1. **[Dkt. 16]** Chapter 13 Plan filed by John Mileusnic,
2. **[Dkt. 33]** Motion to Dismiss Case filed by PennyMac Loan Services, LLC,
3. **[Dkt. 50]** Trustee's Motion to Dismiss Case for Failure to Make Plan Payments,
4. **[Dkt. 52]** Trustee's Objection to Confirmation of Plan filed by Paul R. Chael,
5. **[Dkt. 70]** filed on 10/21/2019, Objection to Confirmation of the Plan filed by Capital One Auto Finance, a division of Capital One, N.A.).

### VII. ARGUMENT

Court errored on following issues:

### A. "AIS Portfolio Services, LP" and "Capital One Auto Finance" did not file a Proof of Claim

1. **[Dkt. 9]**, filed on 04/09/2019 is a ONLY a request Designating Mailing Address Pursuant to FRBP 2002(g) Filed by Creditor Capital One Auto Finance, a division of Capital One, N.A., c/o AIS Portfolio Services, LP. (AIS Data Services (RN).

2. This was not a Proof of Claim in any format mandated by Bankruptcy Court.

3. **[Dkt. 10]**, filed on 04/10/2019 is a Court Notice in relation to **[Dkt. 9]** asking to file a proof of claim, which was never filed.

> **NOTICE**
>
> On April 9, 2019, Capital One Auto Finance, a division of Capital One N.A. Department filed a request designating mailing address for creditor Capital One Auto Finance, a division of Capital One N.A. Department c/o AIS Portfolio Services, LP pursuant to Fed. R. Bankr. P. 2002(g). Yet, that creditor has not been listed or named on the mailing matrix in this case and, as a result, there is no mailing address to update. The creditor may file a proof of claim that designates a mailing address and upon doing so it will be added to the creditor matrix pursuant to Fed. R. Bankr. P. 2002(g)(1)(A).
>
> DATED: April 10, 2019
>
> Christopher M. DeToro
> Clerk, United States Bankruptcy Court
> 5400 Federal Plaza
> Hammond, Indiana 46320

*Exhibit 1*

4. John Mileusnic filed Chapter 13 Voluntary Petition Individual **[Dkt. 1]**, On 04/04/2019, and as Capital One did not file a proof of claim, debtor was eligible for discharge of this debt.

5. Debtor filed **[Dkt. 42]**, Amended Chapter 13 Plan, on 08/28/2019, more than 4 months after Capital One failed to file Proof of Claim.

6. On 10/21/2019, two months after filings this Amended plan **[Dkt. 42]**, Creditor Capital One Auto Finance filed an Objection **[Dkt 70, 70-1]** to Confirmation of amended

   Plan. Even the docket mentions that it was filed in relation to **[Dkt. 42]**.

7. Bankruptcy Court failed to acknowledge and / or rule on **[Dkt. 42]**.

8. Bankruptcy Court failed to acknowledge and / or rule on the fact that Capital One never filed a Proof of Claim **[Dkt. 10]**. This issue was continuously raised in oral arguments in court and in filings.

### B. Planet Home Lending, LLC never filed Proof of Claim

1. Planet Home Lending, LLC ("Planet Home Lending"), the holder of the Note as of that date, filed a Complaint on Promissory Note and to Foreclose Mortgage in the Lake Circuit Court under Case No. 45C01-1311-MF-000298.

### C. PennyMac never presented ORIGINAL NOTE AND ORIGINAL MORTGAGE.

   Despite their following statement in **[Dkt. 71]**

> *"On August 7, 2019, PennyMac filed its Motion to Dismiss. At the pre-hearing held on September 16, 2019, undersigned counsel for PennyMac appeared with the original Note and original mortgage. Debtor examined same."*

The fact remains that Planet Home Lending, never presented **"original Note and original mortgage".** They only presented photocopies to which Debtor objected.

**D. PennyMac never proved chain of title and endorsement.**

1. PennyMac only gave following statement in **[Dkt. 71]** but never actually proved the assignments and endorsements

    *That note in their possession, reflects the following chain of endorsements:*

    *\*CBC National Bank to Flagstar Bank, FSB*

    *\*Flagstar Bank, FSB to Selene Finance LP*

    *\*Selene Finance LP to PennyMac Loan Services LLC*

    *\*PennyMac Loan Services, LLC endorsed in blank*

2. **As per and PennyMacs' own admission in [Dkt. 71] "Green Planet" and "Planet Home" never owned/ transferred/held any endorsement.**

3. **This itself proves that Planet Home Lending, LLC ("Planet Home Lending"), the alleged holder of the Note as of that date, filed an alleged FRAUD Complaint on Promissory Note and to Foreclose Mortgage in the Lake Circuit Court under Case No. 45C01-1311-MF-000298.**

**E. Amended Chapter 13 Plan**

1. On 08/30/2019 Debtor filed Amended Chapter 13 Plan **[Dkt. 42.]**

2. On 09/16/2019 Trustee filed a Motion to Dismiss Case for Failure to Make Plan Payments **[Dkt. 50.]**

3. On 09/16/2019 Trustee filed an Objection to Confirmation of Plan of Amended Plan **[Dkt. 52.]**

4. Court did not acknowledge and / or rule on **[Dkt. 65]** filed on 10/01/2019 a combined **"Response to Trustee's Objection to Confirmation of Amended Plan, Objection to Trustee's Motion to Dismiss for Default in Plan Payments and Debtor's Request for Assignment/Accounting from Pennymac"**

5. In its Motion PennyMac refers to itself as a "secured creditor." However, the Movant never proved that it has any stake in the ownership of the Note and Mortgage as either a holder or owner. Any attempt to indicate itself as an owner of the loan has been by way of fraudulent and misleading documents.

6. Under the terms of the Plan, in that the payments required by have not been made due to just cause as detailed above for such default, as any payment will mean voluntarily accepting such fraud, a reasoning PennyMac want to pursue by claiming that Debtor himself mentioned PennyMac in Ch 13 plan.

7. As the debt was in DISPUTE:

    i. As to its validity

    ii. As to ownership

    iii. As to chain of "Assignments" and "Note Allonge"

    iv. As to possession of Original Note and its production for validity by Bankruptcy Court.

John Mileusnic was willing to deposit "Amount of default: $8,377.55, Amount due per month: $1685.51" in ESCROW or with Trustee with an understanding that this amount will NOT be released to Creditors unless this Court decides on the question of Validation of Debt.

8. John Mileusnic pleaded that these Ch 13 plan proceedings be NOT dismissed pursuant to Sec.1307 (c) of the Bankruptcy Code and that Trustees' final report of his receipts and disbursements in these proceedings may be kept pending, till the debt is **VALIDATED**.

## VIII. CONCLUSION

For the foregoing reasons, it is respectfully submitted that this Honorable Court should remand the Appealed Order in its entirety to the Bankruptcy Court.

Date: 12/05/2019

*John Mileusnic*

John Mileusnic

In Pro Per

## IX. CERTIFICATE OF SERVICE

I hereby certify that on date signed below service of a true and complete copy of the above and foregoing pleading or paper is being made through the Court's ECF system upon the following:

| | |
|---|---|
| Nancy J. Gargula | USTPRegion10.SO.ECF@usdoj.gov |
| Paul R. Chael | aimee@pchael13.com |
| Evan L. Moscov | evanm@w-legal.com |
| Susan M. Woolley | ndbkr@feiwellhannoy.com |
| Susan M. Woolley(AM) | ecfnotices@feiwellhannoy.com |

Date:12/05/2019

*John Mileusnic*

**Debtor- John Mileusnic**
**325 Plum Creek Drive**
**Schererville, IN 46375**