# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JOHN MILEUSNIC, ) | |
|    Appellant, ) | |
| ) | |
|       vs. ) | Case No:   2:19 –cv-00427-PPS |
| ) | |
| PAUL R. CHAEL, Trustee ) | Chapter 13 Case No.: 19-20831 JRA |
|    Appellee. ) | |

On appeal from the United States Bankruptcy Court for the Northern District of

Indiana, Hammond Division, Case 19-20831 JRA.

## BRIEF OF APPELLEE, PAUL R. CHAEL, CHAPTER 13 TRUSTEE

Respectfully submitted,

Date: 01/02/2020

/ s / Julia M. Hoham
Staff Attorney for Paul R. Chael, Trustee
Indiana Attorney No. 16068-64
401 W. 84th Drive, Ste. C
Merrillville, IN 46410
Phone: (219) 650-4015
Fax: (219) 650-4025
jhoham@pchael13.com
Counsel for Appellee, Paul R. Chael, Trustee

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ……………………………………………….………i

TABLE OF AUTHORITIES ……………………………………………………...ii

STATEMENT CONCERNING ORAL ARGUMENT ……………………………1

BASIS OF APPELLATE JURISDICTION ………………………………………..1

STATEMENT OF THE ISSUE ON APPEAL …………………………………….1

STANDARD OF REVIEW……………………………………………….…… 2

STATEMENT OF THE CASE ……………………………………………………2

    A.    Facts Relevant to the Issues Submitted for Review ………………......2

    B.    Relevant Procedural History of the Case and Rulings Present

        for Review ……………………………………………………………3

ARGUMENT ……………………………………………………………………5

CONCLUSION …………………………………………………………………..10

CERTIFICATE OF COMPLIANCE WITH RULE 8015(a)……………………...12

CERTIFICATE OF SERVICE ………………………………………………... 13

# **TABLE OF AUTHORITIES**

Cases:

In *re Matter of Rigdon*, 36 F.3d 1375 (7th Cir. 1994) ………………………………… 2
*Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985) …………………………..2
*United States v. United States Gypsum Co.*, 333 U.S. 364 (1948) …………………..2
In *re Matter of Holtkamp*, 669 F.2d 505 (7th Cir. 1982) ……………………………..2
In *Matter of McDonald*, 118 F.3d 568, 569 (7th Cir. 1997) (July 18, 1997)…2, 7, 10
*Pioneer Investment Services Co. v. Brunswick Associates, Ltd.*, 507 U.S. 380, 393, 113 S.Ct. 1489, 1497, 123 L. Ed. 2d 74 (1993)……………………………………….7
*Metlyn Realty Corp. v. Esmark, Inc.*, 763 F.2d 826 (7th Cir. 1985)…………………7
*McCullough v. Citimortgage*, 70 N.E. 3d 820, 825 (2017)…………………………9
*Thacker v. Wentzel*, 797 N.E. 2d 342, 345 (ind.Ct.App. 2003)…………………….9
In *re Mallory*, S.D. Tex. 2011, 444 B.R. 553 affirmed 476 Fed. Appx. 766 (2019)……………………………………………………………………...………..9
In *re Tornheim*, 239 B.R. 677, 687 (Bnkr. E.D.N.Y. 1999)………………………..9

Statutes:

11 U.S.C. 1302…………………………………………………………………...5
11 U.S.C. 1302(b)(5)…………………………………………………………….. 6
11 U.S.C. 1307(c)……………………………………………………………… 4, 5, 10
11 U.S.C. 1307(c)(4)……………………………………………………… 1, 3, 5, 6, 7, 8
11 U.S.C. 1307(c)(6)……………………………………………………………...4
11 U.S.C. 1326 …………………………………………………………………. 6
11 U.S.C. 1326(a)(1)(A) ...……………………………………………………… 6
28 U.S.C. 157(b)(1)……………………………………………………………...1
28 U.S.C. 157(b)(2)(A)………………………………………………………… 1
28 U.S.C. 158(a)(1)…………………………………………………………….1
Fed.R.Civ.P. 60(b)……………………………………………………………… 7
Fed.R.Bankr.P. 8013……………………………………………………………. 2
Fed.R.Bankr.P. 8015 (a)(5)……………………………………………………. 12
Fed.R.Bankr.P. 8015 (a)(6)……………………………………………………. 12
Fed.R.Bankr.P. 8015(a)(7)(A) ...………………………………………………... 12

## STATEMENT CONCERNING ORAL ARGUMENT

The Chapter 13 Trustee respectfully submits that based on the issue of law presented the District Court may rule on the written record, but the Trustee is willing to participate in oral argument at the direction of the Court.

## BASIS OF APPELLATE JURISDICTION

A United States District Court has jurisdiction to hear appeals of the Bankruptcy Court's final orders pursuant to 28 U.S.C. Section 158(a)(1).   An Appeal is taken to the District Court for the judicial district in which the Bankruptcy Court is serving.   This is a timely appeal of a final order of the Northern District of Indiana Bankruptcy Court entered on October 29, 2019 [Doc. No. 76].   The Bankruptcy Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. Section 157(b)(1), as the issue is the dismissal of the Debtor's Chapter 13 case for Debtor's failure to make Plan payments, which is a core proceeding under 28 U.S.C. Sections 157(b)(2)(A).

## STATEMENT OF THE ISSUE ON APPEAL

The relevant issue on appeal is:

1. Whether the Bankruptcy Court's dismissal of Debtor's Chapter 13 bankruptcy case under 11 U.S.C. Section 1307(c)(4) for Debtor's failure to make Plan payments was an abuse of discretion.

## STANDARD OF REVIEW

The District Court reviews the Bankruptcy Court's findings of fact under a clearly erroneous standard and legal conclusions de novo.   Fed.R.Bankr.P. 8013; In *re Matter of Rigdon*, 36 F.3d 1375 (7th Cir. 1994).   A finding is clearly erroneous, "when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."  *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948).   In *re Matter of Holtkamp*, 669 F.2d 505 (7th Cir. 1982).   Issues of procedure, such as a dismissal of a bankruptcy case, is reviewed under an abuse of discretion standard.   In *re Matter of McDonald*, 118 F.3d 568 (7th Cir. 1997).

## STATEMENT OF THE CASE

### A. Facts Relevant to the Issues Submitted for Review

The Debtor, John Mileusnic, filed a Chapter 13 case on April 4, 2019 under Case No. 19-20831.   The Debtor filed this case without the benefit of counsel. [Doc. No. 1]   On April 18, 2019, Debtor filed a Chapter 13 Plan. [Doc. No. 16]   On August 28, 2019, Debtor filed an Amended Plan which stated in Part 2.1, "Debtor will make regular payments to the Trustee as follows: $1,685.51 per month for 60 months." [Doc No. 42]   The Amended Plan provided for ongoing mortgage

payments to PennyMac Loan Services, LLC (herein after "PennyMac") in the amount of $1,585.51 per month and a payment to Capital One Auto Finance for a car loan of $100.00 per month.   [Doc. No. 42]   Debtor listed in Schedule D PennyMac as a mortgage holder on his home at 325 Plum Creek Drive, Schererville, Indiana [Doc. No. 12]   On June 13, 2019, PennyMac timely filed a Proof of Claim showing a mortgage on Debtor's home in the amount of $301,634.02, with a prepetition arrears of $123,312.51 and a monthly payment of $1,585.61 [POC No. 2-1] Debtor's Schedule I shows a net household income of $2,097.00 per month and Schedule J shows a mortgage payment of $1,586.00. [Doc. No. 13]

## B. Relevant Procedural History of the Case and Rulings Presented for Review

On August 7, 2019, PennyMac filed a Motion to Dismiss Debtor's Chapter 13 case pursuant to 11 U.S.C. Sec. 1307(c)(4) on the grounds of Debtor's failure to commence making timely Plan payments.   [Doc. No. 33]   On August 20, 2019, Debtor filed a Response to PennyMac's Motion to Dismiss stating that he would make mortgage payments through the Chapter 13 Trustee to the mortgage holder. [Doc. No. 37]

On September 16, 2019, the Chapter 13 Trustee filed a Motion to Dismiss for Failure to Make Plan Payment under 11 U.S.C. 1307(c) on the grounds that Debtor failed to timely commence plan payments. The Trustee's motion stated that the monthly payment under Debtor's Chapter 13 Plan was $1,685.51 and the amount of default at the time the Trustee's Motion to Dismiss was filed was $8,377.55. [Doc. No. 50]

A pre-hearing conference was held on PennyMac's Motion to Dismiss on September 16, 2019. At the pre-hearing conference, Debtor appeared, *pro se*, Trustee appeared, and PennyMac appeared by counsel. [Doc. No. 53] PennyMac's counsel brought to the pre-hearing on the Motion to Dismiss the original Note and Mortgage and Debtor reviewed these documents. [Doc. No. 71] A final hearing on PennyMac's Motion to Dismiss and on Trustee's Motion to Dismiss for default in Plan payments was scheduled and held on October 28, 2019. [Doc. No. 61] At the final hearing, Debtor appeared, *pro se*, Trustee Chael appeared, PennyMac appeared by counsel, and Capital One Auto Finance appeared by counsel. [Doc. No. 74] Trustee filed an Affidavit and Status Report on October 28, 2019. The Report shows monthly Plan payments required of $1,685.51 and a default in Plan payments of $10,043.06. The Report disclosed Debtor had made Plan payments totaling only $70.00. [Doc. No. 75]

4

On October 29, 2019, the Bankruptcy Court entered an Order on both Trustee's and PennyMac's Motions to Dismiss dismissing Debtor's Chapter 13 Petition for Default in Plan payments.   [Doc. No. 76]

## III.  ARGUMENT

The Bankruptcy Court determined that Debtor's payment of only $70.00 to the Trustee when six (6) month of plan payments totaling $10,113.06 were due was grounds to dismiss the Chapter 13 Petition.   The Chapter 13 Trustee filed a Motion to Dismiss the bankruptcy case pursuant to 11 U.S.C. Section 1307(c)(4) for failure to commence making Plan payments.

11 U.S.C. Section 1307(c) reads as follows:

> Except as provided in subsection (f) of this section on request of a party in interest or the United States Trustee and after Notice and hearing, the Court may convert a case in this Chapter to a case under a Chapter 7 of this Title or may dismiss a case under this Chapter, whichever is the best interest of creditors and the estate, for cause, including – (….)(4) failure to commence making timely payments under Section 1326 of this Chapter; ….

Paul R. Chael is the Standing Chapter 13 Trustee, United States Bankruptcy Court, Northern District of Indiana, Hammond Division and was appointed by the bankruptcy court to serve as Trustee in Debtor's case.   Pursuant to 11 U.S.C. Section 1302, the United States Trustee appoints an individual to serve as Standing

Chapter 13 Trustee. One of the duties of the Chapter 13 Trustee, under 11 U.S.C. Section 1302(b)(5), is to ensure that the Debtor commences making timely payments under Section 1326 of the Bankruptcy Code. The Trustee has authority under 11 U.S.C. Section 1307(c)(4) to file a Motion to Dismiss Debtor's case for failure to make timely plan payments.

A Debtor who files a Chapter 13 Bankruptcy is required to make Plan payments to the Trustee pursuant to 11 U.S.C. Section 1326(a)(1)(A). Under this Bankruptcy Code Section, the Debtor is required to make the first payment to the Trustee within 30 days after filing of the Bankruptcy Petition. 11 U.S.C. Section 1326 provides:

> 11 U.S.C. Section 1326 payments (a)(1), unless the Court orders otherwise, the Debtor shall commence making payments not later than 30 days after the date of filing of the Plan or the Order for Relief, whichever is earlier in the amount – (a) proposed by the Plan to the Trustee.

Debtor filed his Bankruptcy Petition on April 4, 2019, so the first Plan payment under Debtor's Chapter 13 Plan was due on May 4, 2019. Under the terms of Debtor's Chapter 13 Plan, the Debtor was past due on six (6) monthly payments at the time of the final hearing on the Motion to Dismiss for Default in Plan Payments. [Doc No. 42] The Brief of Appellant confirms that Debtor was $8,377.55 behind in plan payments at the time the Motion to Dismiss was filed. This was the amount

6

stated in the Trustee's Motion to Dismiss but the default had increased to $10,043.06 at the time of the final hearing one month later. Debtor's payment of $70.00, which is less than 1% of the total plan payments due, is not a meaningful payment in his effort to reorganize. Debtor had the benefit of the automatic stay for six months but had not made the payments to the Trustee necessary to pay the mortgage and car loan provided for in the Plan. Failure to make Plan payments constitutes unreasonable delay prejudicial to creditors. The Debtor received the benefit of the automatic stay by filing the bankruptcy case, but did not pay his creditors.

The Court of Appeals for the Seventh Circuit in *Matter of McDonald*, 118 F.3d 568, 569 (7th Cir. 1997) found that the Bankruptcy Court had the discretion to dismiss a Chapter 13 case for Debtor's failure to make the first Plan payment on time, even if later the Debtor catches up on all plan payments. In this decision, the Court of Appeals stated that the Bankruptcy Court has discretion to ensure that debtors take this time limit seriously and make the first Plan payment on time. The Court of Appeals also stated that a dismissal under Section 1307(c)(4), like decisions on relief from judgment under Fed.R.Civ.P. 60(b), require the district judge to indulge in a firm presumption against reopening. *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 393, 113 S. Ct. 1489, 1497, 123 L. Ed. 2d 74 (1993); *Metlyn Realty Corp. v. Esmark, Inc.*, 763 F.2d 826 (7th Cir. 1985).

To prevent delay by the Debtor, which is prejudicial to creditors, the District Court must support the Bankruptcy Court's decisions in dismissing Chapter 13 cases for default in plan payments.

The Bankruptcy Court could have dismissed the case solely on the Trustee's Motion to Dismiss, accordingly, Debtor's challenge to PennyMac's standing as a party in interest to bring the Motion to Dismiss does not affect the outcome. The bankruptcy case would still be dismissed.   The Brief of Appellant admits Debtor's default in plan payments which is sufficient grounds for the Bankruptcy Court to dismiss the case on the Trustee's motion for failure to make plan payments regardless of Debtor's alleged disputes with PennyMac.

The Brief of Appellant states the issue for review is whether PennyMac could enforce the Mortgage and Promissory Note.   Trustee contends Debtor's questions concerning PennyMac were resolved in their filing of a Proof of Claim, with a copy of the Note and Mortgage and the chain of endorsements attached.[1]   The Bankruptcy Court's decision to find that PennyMac is a proper party in interest to bring a Motion to Dismiss is supported by the court record. [POC No. 2-1]

---

1 Attached to the claim is a copy of a Mortgage to CBC National Bank, a Note, a Note Allong, an Assignment of Mortgage from CBC National Bank to Selene Finance, LP, an Assignment of Mortgage from Selene Finance, LP to Green Planet Servicing, LLC, a Corporate Assignment of Mortgage from Planet Home Lending, LLC, FKA Green Planet Servicing, LLC to PennyMac Loan Services, LLC.   The assignment from Planet Home Lending, LLC to PennyMac was dated November 27, 2018 and recorded with the State of Indiana, Lake County Recorder's Office on December 13, 2018 as Document Number 2018 085852.   [POC No. 2-1, Pages 40 – 41]

8

Debtor filed the bankruptcy case and this appeal without counsel.   The Indiana Supreme Court in *McCullough v. Citimortgage*, 70 N.E. 3d 820,825(2017) quoted the court in *Thacker v. Wentzel*, 797 N.E. 2d 342, 345 (Ind. Ct. App. 2003), "an appellant who proceeds pro se is held to the same established rules of procedure that a trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action."

Debtor's failure to pay the Trustee, constitutes "cause" for dismissal of the case, notwithstanding that the Debtor did not pay to prevent the Trustee from making a distribution to an entity Debtor did not believe had a clear chain of title to the Mortgage Note, and that was allegedly not entitled to payment; if Debtor disputes an entity's right to payment, the proper procedure is for Debtor to file an objection to the entity's Proof of Claim to seek determination from the court on the entity's standing, not to unilaterally stop making payments to the Trustee.   In *re Mallory*, S.D. Tex. 2011, 444 B.R. 553 affirmed 476 Fed. Appx. 766 (2019). Debtor's desire to litigate PennyMac's 'standing' did not excuse his obligation to make any payments to the Trustee on account of this secured loan.   In *re Tornheim*, 239 B.R. 677, 687 (Bankr. E.D.N.Y. 1999). The bankruptcy case would still be dismissed.

9

Debtor had four months, from the time PennyMac's Proof of Claim was filed in June to the time his bankruptcy was dismissed in October, to file an objection to PennyMac's Proof of Claim and failed to do so. The Bankruptcy Court has made a determination of what is in the best interest of creditors and the estate and properly granted both the Trustee's and PennyMac's Motions to Dismiss the bankruptcy case.

## IV. CONCLUSION

In this case the Bankruptcy Court reviewed the undisputed facts that the Debtor should have made six (6) Chapter 13 payments of $1,685.51 per month for a total of $10,113.06, but had paid the Trustee only $70.00. The Bankruptcy Court followed the proper procedure in applying 11 U.S.C. Section 1307(c) and dismissed the case for default in plan payment. The District Court should follow the decision In *re Matter of McDonald*, 118 F.3d 568, 569 (7th Cir. 1997) that a dismissal under Section 1307(c) requires the district judge to indulge in a firm presumption to support the Bankruptcy Court's decision. The Bankruptcy Court's decision to dismiss the case should be affirmed.

Date: January 2, 2020	Respectfully Submitted,

/s/ Julia Hoham
Staff Attorney for Paul R. Chael, Trustee
Indiana Attorney No. 16068-64
401 W. 84th Drive, Ste. C
Merrillville, IN 46410
(219) 650-4015

11

## **CERTIFICATE OF COMPLIANCE WITH RULE 8015(a)(7)**

  Certificate of Compliance with Page Limitation, Typeface Requirements, and Type Style Requirements.

  1. This Brief complies with the page limitation of Fed. R. Bankr. P. 8015(a)(7)(A) because this Brief does not exceed 30 pages.

  2. This Brief complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type style requirements of Fed. R. Bankr. P. 8015(a)(6) because this Brief has been prepared in a proportionately spaced typeface using Microsoft Office 2010 in font size 14 and Times New Roman font.

         / s / Julia Hoham
         Staff Attorney for Paul R. Chael, Trustee
         Indiana Attorney No. 16068-64
         401 W. 84th Drive, Ste. C
         Merrillville, IN 46410
         (219) 650-4015

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2020, service of a true and complete copy of the above and foregoing pleading or paper was made upon the following by electronic service:

U.S. Trustee - ustpregion10.soecf@usdoj.gov.com
Evan L. Moscov – evanm@w-legal.com
Susan M. Woolley – ndbkr@feiwellhannoy.com

and upon the following by depositing the same in the United States mail, envelopes properly addressed to each of them and with sufficient first-class postage affixed.

Debtor, *Pro Se* – John Mileusnic, 325 Plum Creek Drive, Schererville, IN 46375

/s/ Michelle J. Sersic
Legal Assistant to Paul R. Chael
Chapter 13 Trustee
401 West 84th Drive, Suite C
Merrillville, Indiana 46410

13